IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN ROBINSON SEVILLA | : | CIVIL ACTION |
| v. | : | |
| BOSTON SCIENTIFIC, INC., et al. | : | NO. 13-CV-4910 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                                   November 26, 2013

Plaintiff Marilyn Robinson Sevilla has filed a products liability case against defendants, Boston Scientific, Inc., Secant Medical, Inc., Secant Medical, LLC, Prodesco, Inc., and Secant Medical, for serious injuries she alleges were sustained from the use of pelvic, surgical mesh that the defendants defectively designed, manufactured and marketed.  This case was removed from the Court of Common Pleas of Philadelphia by the defendants and a stay of all proceedings was requested to allow the United States Judicial Panel on Multidistrict Litigation ("Panel") to consider a request to transfer this case to MDL No. 2327 in the Southern District of West Virginia, pursuant to 28 U.S.C. § 1407.

An answer to the complaint with affirmative defenses was filed by defendant Boston Scientific, Inc.  The Secant defendants and Prodesco, Inc. have moved to dismiss the complaint against them for failure to state a claim.  These defendants assert that they were improperly joined in this action.  Sevilla has filed a motion to remand this matter to state court.  The parties have responded to the motions.

Case 2:13-cv-32885 Document 16 Filed 11/26/13 Page 2 of 2 PageID #: 716

On November 5, 2013, Boston Scientific supplemented its motion to stay with the the Panel's transfer order for three cases from this district that also involve the Secant defendants.[1] *See* Transfer Order, *In re: Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-MD-02327 (J.P.M.L. Oct. 17, 2013). In each of these three cases, as in this one, there were pending motions to remand to state court. The Panel noted that these jurisdictional issues could be presented to the transferee judge. *Id.* at 1-2. In opposing the transfer, the plaintiffs argued that the transfer would result in the dismissal of their claims against the Secant defendants because they are not named in the master complaint in MDL 2327. The Panel explained that these concerns were without merit because "claims against such defendants are free to proceed in the MDL once they are transferred by the Panel pursuant to Section 1407." *Id.* at 2.

Sevilla has not filed a response to the defendants' supplemental authority, and because I find no reason to distinguish this case from the other Eastern District cases considered by the Panel, I will stay all proceedings in this court until the Panel has decided the defendants' motion to transfer this case to MDL 2326.[2]

As appropriate order follows.

---

[1] The three cases are *Hammons v. Ethicon, Inc., et al.*, No.13-CV-4086; *Musewicz, et al. v. Ethicon, Inc., et al.*, No. 13-CV-4087; and *Delacruz, et al. v. Ethicon, Inc., et al.*, No. 13-CV-4088. The plaintiffs in each of these cases are represented by the same counsel as Sevilla.

[2] The cases against Boston Scientific, Inc. have been transferred to MDL No. 2326, *In re: Boston Scientific Corp., Pelvic Repair Sys. Prods. Liab. Litig.* Eighteen motions to stay have already been granted.